ORDER
SAYRE, JUDGE:
The claimant, Mark Kevin Cruickshank, filed his application for an award under the West Virginia Crime Victims Compensation Act on December 9,2003. On *183 February 3, 2004, the Claim Investigator filed his report which recommended that an award of $25,000.00 be granted. The claimant filed a response in agreement with that recommendation. However, on July 21,2004, an Order was issued by the Court, reversing the Investigator’s recommendation and denying the claim. On July 30, 2004, the claimant filed his request for hearing. Accordingly, this matter came on for hearing before this Court on February 16, 2005, the claimant appearing in person and by counsel, Eric J. Holmes, and the State of West Virginia appearing by counsel, Benjamin F. Yancey III, Assistant Attorney General.
The undisputed facts are as follows: On October 9, 1999, the 31-year-old claimant was injured in the line of duty as a West Virginia State Police Trooper in Elkview, Kanawha County. While assisting in the dismantling of a methamphetamine drug lab, the claimant was exposed to toxic fumes, which resulted in damage to his lungs.
This Court’s initial denial of an award was based upon three findings: (1) The claimant’s application for compensation was filed beyond the two-year statute of limitations set forth in W.Va. Code §14-2A-14(a), (2) There was no “criminally injurious conduct “ as defined by W.Va. Code §14-2A-3(c) because the claimant’s own actions resulted in his injuries, and (3) The claimant has the benefit of a collateral source in the form of disability benefits under W.Va. Code §15-2-29, and therefore sustained no out-of-pocket economic loss.
According to a brief filed by counsel for the claimant subsequent to the hearing, the statute of limitations is tolled until a claimant knows or has reason to know not only of the existence of his injury but also its relation to criminal conduct.
When the claimant herein began experiencing lung problems, he sought the advice of physicians in the Charleston area, but they were unable to diagnose the problem. The claimant was then referred to specialists at Duke University in December 2002, who determined that the injury to his lungs was a direct result of the October 1999 methamphetamine lab exposure.
This was the claimant’s first specific notification that his physical condition was related to the methamphetamine lab exposure. The claimant’s application for crime victim compensation was filed one year later, on December 9, 2003, which is well within the two-year limitation period. The Court therefore finds that the claimant has met his burden of proof that the claim was timely filed, and is therefore subject to the Court’s jurisdiction.
The second issue concerns the definition of “criminally injurious conduct.” According to W.Va. Code §14-2A~3(c), such conduct “by its nature poses a substantial threat of personal injury or death, and is punishable by fine or imprisonment or death... .” Clearly, the manufacture of a highly volatile controlled substance poses a threat of injuiy or death, and is against the law. However, this Court’s initial ruling found that the claimant’s own actions, in continuing to dismantle the lab even though his oxygen tank was going dry, were the actual cause of his injuries. The Court reasoned that by that time the alleged criminal was in police custody.
The claimant testified at the hearing of this matter that at one point during the dismantling operation, he exited the residence and informed his superior that his oxygen tank was going dry. The superior officer nevertheless instructed the claimant to go back inside and finish dismantling the lab, which he did.
Under cross-examination, the claimant stated that he had undergone training by the Drug Enforcement Administration (DEA) for the dismantling of drug labs, including training in the use of oxygen. The claimant also revealed that this was the first lab he had ever dismantled.
*184 Based upon the claimant’s testimony, the Court finds that since the claimant was cognizant of the hazards of the dismantling operation as they were understood on October 9, 1999, but was directed by his superiors to continue, particularly in light of what facts have been learned about exposure to this substance since 1999, the claimant should not be held accountable for continuing to work without adequate protection. Therefore, the Court determines that “criminally injurious conduct” has been established within the statutory definition.
Having found the claimant to be an innocent victim of crime whose claim was timely filed, we turn to the issue of damages. The Court takes judicial notice of the fact that the Crime Victims Compensation Act is silent as to whether members of the West Virginia State Police are or are not excluded from coverage by the Act. Since the statute is silent, the Court will consider the claimant as a member of the class of ordinary citizens covered by the Act.
W.Va. Code § 15-2-29 sets forth the benefits for disability of the West Virginia State Police. According to its provisions, any member “who has been or shall become physically or mentally permanently disabled by injury, illness or disease resulting from any occupational risk or hazard inherent in or peculiar to the services required of members of the division and incurred pursuant to or while such member was or shall be engaged in the performance of his or her duties as a member of the division shall... be retired from active service by the retirement board.”
In the instant case, the claimant’s effective date of retirement pursuant to W.Va. Code § 15-2-29 was July 11, 2003, at which time he began receiving $3,939.17 per month in retirement benefits. Prior to his injury, he averaged a monthly income of $4,277.96, representing a difference of $338.79 per month. His lost income from the twenty-five-month period from the effective date of his retirement (July 11, 2003) to the present (August 11, 2005) totals $8,469.75. In addition, the claimant incurred unreimbursed medical and pharmaceutical expenses of $1,498.59 as of the date of the Claim Investigator’s original recommendation (February 3,2004), for a total economic loss of $9,968.34.
The Court is constrained by the evidence to reverse its previous ruling and grant the sum of $9,968.34, representing the claimant’s unreimbursed work loss and documented medical and pharmaceutical expenses. Should the claimant later submit evidence of additional unreimbursed allowable expenses relating to this incident, they will be reviewed by the Court at that time. In addition, should it later be determined that the claimant’s injuries are so severe as to leave him with a disability as defined in Section 223 of the Social Security Act (42 U.S.C. 423), the Court may award an additional amount, not to exceed $100,000.00, for “special needs attributable to the injury” pursuant to W.Va. Code §14-2A-14(g)(2).
Mark Kevin Cruickshank
HC 83, Box 89D
Sissonville WV 25320
$9,968.34